CITY OF BUTTE, RESPONDENT, *v.* COHEN ET AL., APPELLANTS.

OFFICIAL BONDS — *Construction — General and particular provisions — Judgments — Liability of sureties.* — In an action against the sureties, upon the official bond of their principal, a city treasurer, for a breach thereof, where the sureties had limited their penal obligation to specified sums, which sums were also set opposite their respective signatures, and the bond contained a general provision as follows: "For the payment of which well and truly to be made we bind ourselves, our heirs, representatives, administrators, and assigns, jointly and severally, by these presents." *Held,* that this general provision of the bond being inconsistent with the particular provision limiting the liability of the

sureties, the latter would prevail, and the sureties were bound severally and not jointly. *Held, also,* that in case of a breach of the condition of the bond, the judgment against any surety should not exceed the amount for which he bound himself, and might be enforced to that amount against each surety sued until the judgment was satisfied.

Same — *Sureties — Defense — Specific denial.* — It is a good defense to an action against the sureties on the official bond of a city treasurer that such treasurer was, by an ordinance of the city, entitled to receive as compensation one sixth of all moneys collected by him, whereas he had only retained one tenth, and that the difference would more than counter-balance the amount he was charged with having embezzled; and such defense is available to the sureties under a specific denial.

*Appeal from Second Judicial District, Silver Bow County,*

The cause was tried before McHatton, J.

*John F. Forbis,* for Appellants.

The court erred in overruling the defendants' demurrer to the complaint, for the reason that the bond upon which this action is based is certainly a separate and not a joint bond. That the parties did not enter into a joint obligation at all. If the defendants cannot take advantage of this defect upon demurrer, we claim that it was still error to render a joint judgment upon the complaint based upon this bond. (*Moss* v. *Wilson,* 40 Cal. 159.) The evidence in this case does not sustain the findings of the court. The plaintiff did not prove that there was ever at any time a license levied in Butte City, or that there was an ordinance of the city authorizing the collection of a license. If Leiter imposed upon the citizens by collecting a license which was not legal, or, in other words, collecting something which there was not any legal authority for, he might be held personally for his fraud or oppression. But surely no legal authority will hold that his official sureties can be held for his unofficial act. Ordinances must be proved, and are not like a law that proves itself, and in the absence of the proof of an ordinance it will not be presumed by a court that an ordinance exists. (*Haven* v. *New Hampshire Asylum,* 13 N. H. 532; 38 Am. Dec. 512; *Lucas* v. *San Francisco,* 7 Cal. 474; *Harker* v. *Mayor,* 17 Wend. 199.) The only evidence in the case of Leiter's defalcation was the book kept by him as city treasurer. The plaintiff never proved, or offered to prove, what accounting Leiter made to his successor in office. The city did not prove,

or attempt to prove, what amount Leiter returned to the city in lieu of the amount he collected. It devolves upon the city to show what amount he returned. If Leiter had been paid the amount that was due to him from the city, as shown by his statement and the ordinance in evidence, the city would be no loser, for it appears that he retained only ten per cent of the licenses collected by him, whereas the ordinance allowed him one sixth. The difference would more than offset the amount which it is claimed Leiter has embezzled. The burden of proving all of these things rests upon the plaintiff. (Murfree on Official Bonds, § 593; *Town of Sherwood Forest* v. *Benedict,* 48 Wis. 541.) The defendants in this case are innocent parties, and have not the evidence within their reach to exculpate Leiter or to show the state of his accounts. The city is presumed to have all necessary evidence to show exactly how he stands, and if it has not, it cannot insist that defendants produce it. To hold the defendants to the rule laid down by the trial judge would be to cast the burden of proof upon the defendants and compel them to prove that Leiter has not defaulted. There was no proof whatever that Leiter's term of office had expired, or that his successor in office had qualified. This proof is necessary to hold the sureties. (*Hiatt* v. *State,* 110 Ind. 472.)

*Frank E. Corbett,* and *McBride & Haldorn,* for Respondent.

The trial court did not err in overruling the demurrer to plaintiff's complaint. The obligation entered into by defendants with the city of Butte was joint and several (Murfree on Official Bonds, § 251; *People* v. *Slocum,* 1 Idaho, 62), and parties jointly liable may be jointly sued. If the action was properly brought against defendants jointly, a joint judgment could be entered. The evidence proves that the act of collecting licenses was by Leiter, as treasurer of the city of Butte, and was therefore received by the treasurer by virtue of his office. This money collected as treasurer should have been paid over to the city, and not being paid over, the bondsmen are liable. If the licenses had been unlawfully demanded by the city by ordinance and collected by the treasurer, and such unlawful ordinance proved at the trial, the evidence would be no better than

at present, and still the bondsmen would be liable. (*Waters* v. *State*, 1 Gill, 302; *Thompson* v. *Stickney*, 6 Ala. 579; *Evans* v. *Trenton*, 4 Zab. 764.) The only evidence of Leiter's transactions in office were his books kept by him as city treasurer. The books of the city treasury are the evidence of what sums of money the treasury holds. No other proof would be competent. The books of Leiter should show the amounts received by him. The evidence proves that other sums of money than those shown on the books were received by Leiter as treasurer of the city of Butte. It is for these latter sums that the trial court has entered judgment. No counter-claim has been set up by the defendants. The one sixth of licenses claimed by defendants it is not in the power of the city treasurer to retain. It is set up in the complaint that Leiter was elected for one year from and after the sixteenth day of May, 1883. This fact was not traversed, and is therefore admitted, and will be assumed by the appellate court. The conclusion is that Leiter has served his term. (*Love* v. *Sierra Nevada L. W. & M. Co.* 32 Cal. 639; 91 Am. Dec. 602.) The evidence shows Simon Jacobs in office as city treasurer of the city of Butte on the day of trial, and the court may properly conclude that Leiter is out of office. (*Commonw.* v. *Jeffries*, 7 Allen, 548; 83 Am. Dec. 712.) Where there is some evidence to support judgment, court will not reverse the judgment. (*Ming* v. *Truett*, 1 Mont. 328; *Dexter* v. *Cole*, 6 Wis. 319; 70 Am. Dec. 465.) To warrant reversal on the ground that there is no evidence to support the verdict, the cause must be unproved in its entire scope. (*Updike* v. *Abel*, 60 Barb. 15–22; 10 Am. Law Reg. 747.)

HARWOOD, J.—The appellants in this action were sureties with others on the official bond of one Edwin G. Leiter, treasurer of the city of Butte. The said bond is in words and figures as follows:—

"Know all men by these presents, that we, Edwin G. Leiter, as principal, and D. H. Cohen, Paul Davis, Charles Schlessinger, Samuel Lewis, and James R. Boyce, Jr., as sureties, are held and firmly bound unto the city of Butte in the following penal sums, to wit, the said principal in the penal sum of five thousand dollars ($5,000), and the said sureties in the following

penal sum of five hundred dollars.($500), the said Paul Davis in the penal sum of five hundred dollars ($500), the said Charles Schlessinger in the penal sum of five hundred dollars ($500), the said Samuel Lewis in the penal sum of five hundred dollars ($500), and the said James R. Boyce, Jr., in the penal sum of three thousand dollars ($3,000), for the payment of which well and truly to be made we bind ourselves, our heirs, representatives, administrators, and assigns, jointly and severally, by these presents.

"Sealed with our seals, and dated this sixteenth day of May, 1883."

The condition of the foregoing obligation is such, that whereas the above bounden principal, Edwin G. Leiter, was at a general election held in and for the city of Butte, Silver Bow County, Montana Territory, on Monday, the seventh day of May, 1883, duly elected treasurer and assessor in and for said city.

"*Now, therefore*, the condition of this obligation is such that if the said Edwin G. Leiter shall well, truly, and faithfully perform all the official duties pertaining to said office, and required of him by the laws and ordinances of said city, and shall pay over according to said laws and ordinances all moneys which shall come into his hands as treasurer and assessor in and for said city of Butte, and will render a just and true account thereof whenever required by the city council of said city, and shall deliver over to his successor in office all moneys, books, papers, and other things appertaining thereto, or belonging to his office, then the above obligation to be null and void, otherwise to remain in full force and effect.

|            | "EDWIN G. LEITER,      | [SEAL.] |
|------------|------------------------|---------|
| "$500      | D. H. COHEN,           | [SEAL.] |
| "$500      | CHAS. SCHLESSINGER,    | [SEAL.] |
| "$3,000    | J. R. BOYCE, JR.,      | [SEAL.] |
| "$500      | S. LEWIS,              | [SEAL.] |
| "$500      | PAUL DAVIS."           | [SEAL.] |

This action was brought to recover from the defendant sureties the sum of $814.95 alleged to have been collected by said principal, as treasurer of the city of Butte, as taxes and licenses belonging to said city, and embezzled and retained by said prin-

cipal, Edwin G. Leiter, in breach of the covenants of said bond. The said Edwin G. Leiter, principal, was not made a party defendant in the action. As a result of the trial of the action judgment for $652.09 and costs, amounting to $109.50, was rendered against defendants, D. H. Cohen, Paul Davis, Samuel Lewis, and James R. Boyce, Jr.

The first question presented for determination on this appeal is, whether under the terms and conditions of said bond a judgment for the sums and costs aforesaid can be lawfully rendered against the defendant sureties, jointly and severally, whereas the appellants contend some of said sureties expressly undertook and bound themselves by the terms of said bond for a penal sum less than the amount of the judgment. In other words, the question to be determined is, whether the sureties on said bond are only bound severally for the amounts set opposite their respective names in the body of said bond, and set before their respective names at the place of signing the same.

Upon the subject of the construction of instruments, the statute of this State (Comp. Stats. § 631, Code Civ. Proc.) provides as follows: "In the construction of a statute, the intention of the legislature, and in the construction of an instrument, the intention of the parties is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent will control a general one that is inconsistent with it." (§ 336.) "When the terms of an agreement have been intended in a different sense by the different parties to it, the sense is to prevail against either party in which he supposed the other understood it; and when different constructions of a provision are otherwise equally proper, that is to be taken which is most favorable to the party in whose favor the provision was made." Applying these rules of construction to the instrument in question we find no difficulty in constructing it.

The evident intent of the parties who executed this bond is plain. It recites in the body thereof: "That we, Edwin G. Leiter, as principal, and D. H. Cohen, Paul Davis, Charles Schlessinger, Samuel Lewis, and James R. Boyce, Jr., as sureties, are held and firmly bound unto the city of Butte in the following penal sums, to wit, the said principal in the

sum of five thousand dollars ($5,000), and the said sureties in the following penal sum of five hundred dollars ($500), the said Paul Davis in the sum of five hundred dollars ($500), the said Charles Schlessinger in the penal sum of five hundred dollars ($500)," etc. Now, if the said Paul Davis and other sureties who recited that they were bound in the sum of five hundred dollars, intended to be bound in the sum of five thousand dollars ($5,000), why did they make these particular provisions that they were bound in the sum of five hundred dollars? Again, at the place where these sureties sign the bond is written before each of their names a sum like the one expressed after their names respectively in the body thereof. It is plain that each intended to be bound in the sum expressly stated for each of them, as distinguished from the amount that the principal was bound for. So far there appears to be no ambiguity or inconsistency in the language of the bond. There is a phrase, however, further along in the contents of the bond which appears to be inconsistent with these particular limitations and several character of the penal sums for which each surety undertook to be bound. That phrase is as follows: "For the payment of which well and truly to be made we bind ourselves, our heirs, representatives, administrators, and assigns, jointly and severally, by these presents." It is contended by respondent that this provision binds the sureties jointly and severally for the whole penal sum of five thousand dollars. This is certainly a general provision in the bond, and is inconsistent with the particular provisions which go before it. Apply the statutory rule above quoted to this state of facts, the particular provisions must prevail over the general.

It appears from the complaint that the plaintiff understood the liability of the sureties to extend to the amount stated in the bond as the penal obligation of each surety.

The seventh paragraph of the complaint alleges: "That by reason of the breach aforesaid, the defendants have forfeited the said bond, and become and are indebted to plaintiff in the respective sums set after their names in said bond." We think this instrument should be construed as binding the sureties severally, for that amount expressly stated in the bond as the obligation respectively undertaken. Hence the judgment

against any surety should not exceed the amount for which he bound himself in case of a breach of the condition, and may be enforced up to that amount against each surety sued until the judgment is satisfied. (*People* v. *Edwards*, 9 Cal. 286; *People* v. *Love*, 25 Cal. 521; *People* v. *Rooney*, 29 Cal. 643; *City of Los Angeles* v. *Mellus*, 59 Cal. 444; *Moss* v. *Wilson*, 40 Cal. 159; *Bank of Brighton* v. *Smith*, 12 Allen, 243; 90 Am. Dec. 144; *New Hampshire Bank* v. *Willard*, 10 N. H. 210; Murfree on Official Bonds, §§ 236, 237.)

If this was the only error complained of by appellants, the judgment in the court below should be modified to conform to the foregoing conclusions, but there are other assignments of error which demand consideration.

The complaint in this action alleges: "That while the said Leiter was, and acted as, such treasurer and assessor, he committed a breach of the condition of said bond by misappropriating, embezzling, and failing to account for moneys collected by him for the use of the plaintiff, and by otherwise failing to well, truly, or faithfully perform his official duties to said office, and failing to pay over according to the laws and ordinances the money which came to his hand as treasurer and assessor as aforesaid, and by failing to render a just and true account thereof; and more particularly by embezzling and converting to his own use, and failing to account for the sum of $585, collected by him as such treasurer and assessor, for licenses collected at various times from divers and sundry persons, and the further sum of $218.96 collected by him as such officer for taxes collected at various times from divers persons."

The defendants appeared, and by answer made specific denial of all the allegations of the complaint.

To establish the allegations of the complaint the plaintiff offered, and the court admitted in evidence, certain books provided by ordinance of said city pertaining to the city treasurer's office kept by said Leiter. According to the showing on the face of said books a number of parties appeared to be indebted to the city for taxes or licenses, but upon investigation such parties produced a receipt from said Leiter, or other competent evidence, showing that such payments had been made. The books, on the other hand, did not show that said money had been paid over

or accounted for to the city. The aggregate of the various amounts so proved is, we presume, the amount of the judgment, $652.09. Having made such showing, the plaintiff's counsel offered, and the court received in evidence, section 9 of Ordinance No. 5 of said city, which provides, among other things, that, "it shall be the duty of the city assessor, as *ex officio* treasurer and collector, to keep a true account of all moneys received by him, stating from whom, and on what account the same was received, in suitable books to be provided by the city council, and kept by him for that purpose." And with this proof the plaintiff rested its case.

The defendants then offered in evidence on their defense section 8 of said Ordinance No. 5, which was admitted by the court without objection, and which provides, among other things, that the city treasurer "shall receive one sixth of all moneys collected by him, and such other compensation as the city council may allow." The defendants further offered, and the court received in evidence the books of account kept by said treasurer, which showed the amount of licenses collected and turned into the city treasury by said Leiter during the time he acted as treasurer, and during the time the said defalcations are alleged to have occurred. In this respect the books showed that during said period the sum turned into the treasury was $9,247.55. These books also showed that said treasurer had received only ten per cent, or one tenth of said collections as compensation, whereas, the said ordinance allowed him one sixth thereof, or sixteen and two thirds per cent. The appellants contend that this additional allowance which would be due to said treasurer on the showing of the books should be considered by the court to the extent of the sum it amounted to, as a bar to recovery against the defendant sureties of the sum proved to have been collected and retained by said Leiter. We are of opinion that this ought to have been so considered. The defendants had denied in effect that the said Leiter, for whom they were sureties, had retained and converted to his own use moneys belonging to the city, as alleged in the complaint. They were there making proof upon their side of the issue presented by such allegations and denials. The books required to be kept were properly introduced to prove facts which the ordinance required to be recorded in them,

and these entries were made by the treasurer against his interest. (*Coleman* v. *Commonw.* 25 Gratt. 865; 23 Am. Rep. 711.) No evidence was introduced in rebuttal of the showing made by the defendants.

It is urged by counsel for plaintiff that the defendants should have set up these facts in their answer, in order to avail themselves thereof in defense on the trial, and is suggested by counsel for plaintiff that if that showing was, allowed, it would more than counter-balance the whole deficit proved by plaintiff, and defendants would be entitled to a balance from the city; that the only way defendants can avail themselves of a counter-claim is to set it up by answer or cross-complaint. We do not agree with that proposition. This action is not against the principal, but is brought against certain sureties. The sureties in this action are not entitled to a counter-claim or set-off, which exists in favor of the principal as between him and the city. But the sureties are entitled to defend against the main allegation which involves them in a liability.

These defendants are entitled to prove facts which would bar a recovery against them on an issue raised by the allegations of the complaint, and a specific denial of such allegations by answer. The principal, Leiter, if a party defendant to this action, could likewise make the same showing on a simple denial of the allegations of the complaint to bar a recovery. If he was shown to be entitled to a certain portion of the moneys collected, and this amount was proved, or the facts from which the mathematical deduction can be made with certainty, and this amount exceeded what he was charged with having retained, then this showing would be a bar to recover from him or his sureties. Surely, what would be allowed to the principal in an accounting with the city, *a fortiori*, should be considered when proved on behalf of the sureties in an action for a breach of the covenants of the bond.

The judgment is reversed, and the case remanded to the trial court, to enter a judgment in conformity with the conclusions herein expressed.

BLAKE, C. J., and HARWOOD, J., concur.